1  JAMES S. MCNEILL (SBN 201663)
   E-mail: jmcneill@mckennalong.com
2  PETER Z. STOCKBURGER (SBN 265750)
   E-mail: pstockburger@mckennalong.com
3  MCKENNA LONG & ALDRIDGE LLP
   4435 Eastgate Mall, Suite 400
4  San Diego, CA 92101
   Telephone: (619) 595-5400
5  Facsimile: (619) 595-5450

6  Attorneys for Defendant
   RADIOSHACK CORPORATION

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11  MARK DRUMHELLER AND              CASE NO.  **SACV11-00355 CJC (RNBx)**
    MIKE TAHBAZ; individually; and
12  on behalf of all persons similarly   **[CLASS ACTION]**
    situated,
13                                    **DEFENDANT RADIOSHACK**
                 Plaintiff,           **CORPORATION'S NOTICE OF**
14                                    **REMOVAL OF ACTION UNDER**
         v.                           **28 U.S.C. § 1453 (CLASS ACTION**
15                                    **FAIRNESS ACT OF 2005);**
    RADIOSHACK CORPORATION;           **DECLARATION OF TOSS A.**
16  and Does 1 through 50,            **HOBBS IN SUPPORT OF**
                                      **REMOVAL**
17               Defendant.

18

19        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

20   DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

21   OF RECORD:

22        PLEASE TAKE NOTICE that Defendant RADIOSHACK CORPORATION

23   ("RadioShack" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C.

24   sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C.

25   section 1332(d)(2), to effect the removal of the above-captioned action, which was

26   originally commenced in the Superior Court of the State of California in and for the

27   County of Orange.  This Court has original jurisdiction over the action pursuant to

28   the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

McKenna Long &
Aldridge LLP
Attorneys at Law
San Diego

**BACKGROUND**

1. On or about January 21, 2011, plaintiffs MARK DRUMHELLER and MIKE TAHBAZ ("Plaintiffs"), individually and on behalf of a class of others similarly situated, filed a "Class Action Complaint" against Defendant in the Superior Court of the State of California, County of Orange, Case No. 30-2011-00442763-CU-OE-CXC (the "Complaint").

2. The Complaint sets forth a number of allegations, including but not limited to: (1) unlawful business practices in violation of California Business and Professions Code Section 17200 et seq.; (2) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (3) failure to pay wages when due in violation of Labor Code sections 201, 202 and 203; and (4) failure to reimburse employees for the necessary expenses allegedly required by Defendant in violation of California Labor Code sections 450 and 2802.

3. The Complaint seeks the following relief: (1) certification of the alleged class as a class action pursuant to California Code of Civil Procedure section 382; (2) injunctive relief; (3) an order requiring Defendant to "pay all sums unlawfully withheld from the" class; (4) disgorgement of Defendant's "ill-gotten gains" into a restitution fund for the "sums incidental" to Defendant's alleged violations; (5) penalties in accordance with California Labor Code section 203; and (6) the greater of all actual damages or Fifty Dollars ($50) for the initial pay period in which an alleged violation occurred and One Hundred Dollars ($100) per each member of the class for each violation in a subsequent period, not exceeding an aggregate penalty of Four Thousand Dollars ($4,000), and award of costs for violations of California Labor Code section 226.

4. The Complaint seeks to certify the following class:

> [A]ll non-exempt, hourly employees who currently work or previously worked for [Defendant] as a Sales Representative in a retail store in California during the CLASS PERIOD....The applicable "CLASS PERIOD" is

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 2 -

DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

defined as the period beginning four (4) years prior to the filing of this Complaint and ending on a date as determined by the Court.

## TIMELINESS OF REMOVAL

5.      RadioShack was served with the Complaint on February 1, 2011.  *See* attached Exhibit B.

6.      RadioShack was put on notice of the facts supporting removal of the class action pursuant to 28 U.S.C. section 1332(d) when the Complaint was served. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by RadioShack of a copy of the Complaint.  28 U.S.C. § 1446(b).

## ORIGINAL JURISDICTION—CLASS ACTION FAIRNESS ACT

7.      This Court has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1332(d)(2)(A).  ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]")

8.      As provided below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the District Court has original jurisdiction over the action:  (1)  the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (2) the action is a class action in which the named plaintiffs are citizens of a state that is different from that of Defendant.  28 U.S.C. §§ 1332(d)(2)(A) & (d)(6).  See concurrently filed Declaration of Toss A. Hobbs ("Hobbs Decl.") at ¶¶ 3-4.  Further, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B).  Hobbs Decl., ¶ 7.

## DIVERSE CITIZENSHIP OF THE PARTIES

9.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

McKenna Long & Aldridge LLP
Attorneys at Law
San Diego

1983).  A party's residence is *prima facie* evidence of his domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10.    **Plaintiffs' Citizenship**:  Defendant is informed and believes and on that basis alleges that each Plaintiff is, and at all relevant times herein was, a resident of the State of California.  See Complaint ¶¶ 5-6 (alleging that each named Plaintiff was employed by Defendant in the State of California, and that each named Plaintiff resided in California).

11.    **Defendant's Citizenship**:  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business[.]"  Defendant is a corporation incorporated under the laws of Delaware, and its principal place of business is Texas.  Hobbs Decl., ¶¶ 3-4.

### Principal Place of Business—Headquarters Test

The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 590 U.S. ___, 130 S.Ct. 1181, 1192 (2010).  In practice, this is "normally...the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings...." *Id*.

Defendant's principal place of business is Texas because that is where Defendant's officers direct, control, and coordinate Defendant's activities.  Hobbs Decl., ¶ 5.  Defendant's corporate headquarters, where its high-level executive management and administrative functions are performed, is located in Texas.  *Id*.  In addition, most of Defendant's executive officers and several of its directors live in Texas, near the company's corporate headquarters.  *Id*.  The company's Texas corporate headquarters are where its primary policy decisions are made, and where day-to-day control of the business is exercised.  *Id*.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 4 -
DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

1    Consequently, under the headquarters test set forth in *Hertz Corp.*,

2    Defendant's principal place of business is located in Texas, and as a result,

3    Defendant is not now, and was not at the time of the filing of the Complaint, a

4    citizen of the State of California within the meaning of the Acts of Congress

5    relating to the removal of cases.

6                              **AMOUNT IN CONTROVERSY**

7         12.    Under CAFA, the claims of the individual members in a class action

8    are aggregated to determine if the amount in controversy exceeds the sum or value

9    of $5,000,000.  28 U.S.C. § 1332(d)(6).

10        13.    Congress intended for federal jurisdiction to be appropriate under

11   CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

12   viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

13   type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate

14   Judiciary Committees' Report, S.REP. 109-14, at 49.  Moreover, the Senate

15   Judiciary Committee's Report on the final version of CAFA makes clear that any

16   doubts regarding the maintenance of interstate class actions in state or federal court

17   should be resolved in favor of federal jurisdiction.  *Id.*  ("Overall, new section

18   1332(d) is intended to expand substantially federal court jurisdiction over class

19   actions.  Its provisions should be read broadly, with a strong preference that

20   interstate class actions should be heard in a federal court if properly removed by

21   any defendant.")

22        14.    The alleged amount in controversy in this class action, in the

23   aggregate, exceeds $5,000,000.  The Complaint alleges that the putative class

24   consists of all non-exempt, hourly employees who currently work or previously

25   worked for RadioShack as a Sales Representative in a retail store in California

26   dating back four years from the date the complaint was filed.  Complaint, ¶¶ 2, 11.

27        15.    The Complaint alleges substantive violations of California Labor Code

28   sections 201, 202, 203, 226, 450, 2802, California Code of Regulations section

McKenna Long &
Aldridge LLP
Attorneys at Law
San Diego

- 5 -
DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

1  11040, subsection 7, and California Business & Professions Code, Sections 17200

2  *et seq.*

3        16.      RadioShack currently employs approximately 2,096 individuals in

4  California alone.  Hobbs Decl., ¶7.  Assuming only 1,000 of the 2,096 individuals

5  currently employed are potential members of plaintiffs' purported class, and

6  including previously terminated employees, the potential for RadioShack's liability

7  in this case greatly exceeds $5,000,000.

**a.      First And Third Causes of Action - Potential Damages for Alleged Unlawful Failure to Pay Wages**

The Complaint alleges RadioShack has "engaged and continues to engage in unfair and unlawful practices in violation of the California Business and Profession[s] Code, Sections 17200 *et seq.*, by:  (i)  failing to record and pay the [Plaintiffs] and the [alleged class] for all earned wages; (ii) failing to reimburse the [Plaintiffs] and the [alleged class] for expenses incurred in the discharge of their job duties; and (iii) failing to provide the [Plaintiffs] and the [alleged class] with accurate itemized wage statements."  Complaint, ¶ 27.

This First Cause of Action, relating to unfair business practices under California Business and Professions Code section 17200 *et seq.*, directly correlates to Plaintiffs' Third Cause of Action concerning waiting time penalties for unpaid wages.  It seeks restitution for alleged unpaid wages over a four-year period.  Cal. Bus. & Prof. Code § 17208.

**1.  Potential Exposure on Underlying Wage Claim**

On the underlying wage claim set forth in Plaintiffs' First and Third Causes of Action, as best as can be determined from a review of the allegations, Plaintiffs' claim that RadioShack failed to "tender[] payment of wages owed" to Plaintiffs and the alleged class, including but not limited to "unpaid sales bonuses for selling wireless phones, extended warranties, and [RadioShack] credit cards, and unpaid

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 6 -

DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

1  store bonuses based upon the overall performance of [RadioShack] retail stores on a

2  quarterly and annual basis." Complaint, ¶¶ 1, 8, 42.

3      On the assumption for the sake of example that the purported class relating to

4  the claim of unpaid bonuses is only 1,000 current and former employees, as alleged

5  RadioShack's potential exposure on this claim is significant.

6      Though Plaintiffs fail to allege a bonus amount, using an average bonus of

7  $250 per quarter as an example, a class size of 1,000 members over four years

8  would expose RadioShack to potential liability for past wages of approximately

9  $4,000,000.00.[1]  Expanding that class to 2,000 raises the potential liability to

10  $8,000,000.00,[2] well over the statutory limit.

### 2.  Potential Exposure for Waiting-Time Penalties

12      The Complaint also alleges that RadioShack's alleged failure to "tender[]

13  payment of wages owed" when Plaintiffs and the alleged class "terminated their

14  employment" rendered RadioShack responsible for payment of up to 30 days of

15  wages to each terminated Sales Associate who was not paid for wages or bonuses.

16  Cal. Labor Code § 203.   For these types of damages there is a three-year statute of

17  limitations.  Cal. Civ. Pro. §338.

18      During the past three years, RadioShack has experienced approximately

19  7,883 terminations of employment in the State of California.  Hobbs Decl., ¶ 7.  For

20  the sake of example, if one were to assume that 35 percent of this terminated group

21  (approximately 2,759 employees) was part of the purported class, using an average

22  hourly wage of $9.16 per hour (Hobbs Decl., ¶ 8), RadioShack's exposure to

23  potential liability for waiting-time penalties would be in the range of $6,144,528,[3]

24  well over the statutory limit.  Moreover, even if that estimate is reduced to only 30

---

26  [1] (($250 bonus per quarter x 4 quarters) x 1,000 class members) x 4 years = $4,000,000.00.

27  [2] (($250 bonus per quarter x 4 quarters) x 2,000 class members) x 4 years = $8,000,000.00.

28  [3] (($9.16 per hour x 8 hours per day) x 30 days) x 2,795 class members= $6,144,528.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1   percent of the 7,883 terminated employees (approximately 2,364 employees),

2   RadioShack's exposure to potential liability still exceeds the statutory limit of

3   $5,000,000.[4]

4           **b.      Second Cause of Action—Potential Damages for Failure to
                       Provide Wage Statements**

5

6           The Complaint also alleges that RadioShack failed to "record and report all

7   monies due on [Plaintiffs'] pay stubs." Complaint, ¶ 35. Plaintiffs alleged that

8   penalties under Labor Code section 226 are capped at $4,000 per member.

9   Assuming this proposition is correct, adding this amount to the above-discussed

10  wages sought under the Labor Code, it is clear that as pled by Plaintiffs, the amount

11  in controversy in this action far exceeds $5,000,000. For example, as alleged by

12  Plaintiffs the total potential damages for a presumed class of 1,000 members on the

13  Second Cause of Action alone could exceed $4,000,000, while potential damages

14  for a presumed class of 2,000 would jump to $8,000,000.[5]

15          **c.      Overall Potential Exposure**

16          Based upon the foregoing, and without reviewing the potential liabilities

17  attributable to the claims for expense reimbursement, the potential exposure for a

18  class of 1,000 could potentially exceed $8,000,000. (¶¶ 12-16 *infra*.) If the class

19  expands to 2,000, that liability increases to over $16,000,000. (*Id.*) These

20  calculations far exceed the statutory limit, and therefore meets the amount in

21  controversy requirement for proper removal.

22                          **NUMEROSITY**

23          17.     The Complaint does not allege the exact number of class members.

24  Plaintiffs seek to certify a class of all non-exempt, hourly employees who currently

25  work or previously worked for RadioShack as a Sales Representative in a retail

26

27  [4] ($9.16 per hour x 8 hours per day) x 30 days) x 2,364 class members = $5,197,017.60.

28  [5] $4,000 x 1,000 presumed class members = $4,000,000.00; $4,000 x 2,000 presumed class
    members = $8,000,000.00.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 8 -
DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

1  store in California dating back four years from the date the Complaint was filed.

2  Complaint, ¶¶ 2, 11.  In reality, this would equal over 2,000 employees, not

3  including former employees, which satisfies the numerosity requirement under

4  CAFA.  (RadioShack currently employs approximately 2,096 employees in

5  California.)  This amount is in addition to the allegations which include any

6  employees who worked during the past four years, who would also be potential

7  class members.

8        18.    Because diversity of citizenship exists, ¶¶ 8-10, *infra*, the amount in

9  controversy exceeds $5,000,000 (¶¶ 12-16, *infra*), and the number of potential class

10  members exceeds 100, this Court has original jurisdiction of this action pursuant to

11  28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to

12  this Court pursuant to 28 U.S.C. section 1441(a).

13  **VENUE**

14        19.    Venue lies in the Central District of this Court pursuant to 28 U.S.C.

15  sections 1441(a), 1391(b) and 84(c) because the state court action was filed in this

16  District and Division and the acts complained of allegedly arise out of Plaintiffs'

17  employment with Defendant in this District.

18  **NOTICE OF REMOVAL**

19        20.    This Notice of Removal will be promptly served on Plaintiffs and filed

20  with the Clerk of the Superior Court of the State of California in and for the County

21  of Orange.

22        21.    In compliance with 28 U.S.C. section 1446(a), true and correct copies

23  of all "process, pleadings, and orders" on file in the state court action are attached

24  hereto as the following exhibits:

25          Exhibit "A": Class Action Complaint;

26          Exhibit "B": Summons;

27          Exhibit "C": Civil Case Cover Sheet

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 9 -

DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

1       WHEREFORE, Defendant requests that the above action pending before the

2  Superior Court of the State of California for the County of Orange be removed to

3  the United States District Court for the Central District of California.

4  Dated:  March 3, 2011                              MCKENNA LONG & ALDRIDGE LLP

5

6

7  By: _____
        James S. McNeill

8      Peter Z. Stockburger
        Attorneys for Defendant

9      RADIOSHACK CORPORATION

10  SD:22184485.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO
- 10 -
DEFENDANT RADIOSHACK CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (CLASS ACTION
FAIRNESS ACT OF 2005); DECLARATION OF TOSS A. HOBBS IN SUPPORT OF REMOVAL

# EXHIBIT A

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**01/21/2011** at 10:48:25 AM
Clerk of the Superior Court
By Maart H Nordman, Deputy Clerk

7

8

9

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **IN AND FOR THE COUNTY OF ORANGE**

12

13

14   MARK DRUMHELLER and MIKE          CASE No. 30-2011-00442763-CU-OE-CXC
     TAHBAZ; individually; and on behalf of all
15   persons similarly situated,         CLASS ACTION COMPLAINT FOR:

16              Plaintiffs,             1. UNFAIR COMPETITION IN
                                        VIOLATION OF CAL. BUS. & PROF.
17   vs.                                CODE §§ 17200 *et seq.*;
                                        2. FAILURE TO PROVIDE ACCURATE
18   RADIOSHACK CORPORATION; and Does   ITEMIZED STATEMENTS IN VIOLATION
     1 through 50,                      OF CAL. LAB. CODE § 226;
19                                      3. FAILURE TO PROVIDE WAGES
                Defendant.             WHEN DUE IN VIOLATION OF CAL.
20                                      LAB. CODE § 201, 202 and 203;and,
                                        4. FAILURE TO REIMBURSE
21                                      EMPLOYEES FOR REQUIRED EXPENSES
                                        IN VIOLATION OF CAL. LAB. CODE §
22                                      2802.

23                                      **DEMAND FOR A JURY TRIAL**

24                                          Judge Ronald L. Bauer

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT A
- 11 -

Plaintiffs Mark Drumheller and Mike Tahbaz ("PLAINTIFFS"), individuals, allege upon information and belief, except for their own acts and knowledge, the following:

## NATURE OF THE ACTION

1.      RadioShack Corporation is one of the largest consumer electronic retailers in the United States.  Forming the company's core operation are over 4,000 RadioShack stores and over 500 kiosks located throughout the country which engage in the retail sale of consumer electronic goods and services through the RadioShack store chain and non-RadioShack-branded kiosk operations. RadioShack hereinafter also referred to as "RADIOSHACK" or "DEFENDANT" structures its business operation into different product platforms which include a wireless, accessory, modern home, personal electronics, power and technical platform.  To execute the sales of these products and maintain superior operations management at retail stores throughout California, RADIOSHACK retains individuals who are primarily responsible for selling electronic goods and services and maintaining store operations. These employees hereinafter also referred to as "Sales Representatives" are paid on an hourly basis and also earn a sales bonus and a store bonus.  During the CLASS PERIOD, RADIOSHACK failed to record and pay the PLAINTIFFS and the Sales Representatives for all earned wages which may include but is not limited to unpaid sales bonuses for selling wireless phones, extended warranties, and RADIOSHACK credit cards, and unpaid store bonuses based upon the overall performance of DEFENDANT's retail stores on a quarterly and annual basis.  In addition, RADIOSHACK also engaged in a common course of failing to reimburse the PLAINTIFFS and all the other Sales Representatives for clothing and travel expenses.  RADIOSHACK systematically caused all Sales Representatives to purchase RADIOSHACK's branded merchandise from its employee catalog the wearing of which was necessary to fulfill the employees' job duties.  The catalog clothing was only purchased for wearing at work for DEFENDANT.  As a result, the Sales Representatives patronized DEFENDANT's catalog in the purchase of its company clothing for work purposes only.  Therefore, the Sales Representatives sustained expenses and other losses as a result of RADIOSHACK's uniform policy which effectually requires employees to use its employee catalog to purchase company clothing

1  for work purposes only.  RADIOSHACK's uniform policies and practices are evidenced by

2  DEFENDANT's business records and employee catalog.

3      2.      PLAINTIFFS bring this Action against RadioShack Corporation pursuant to

4  California Code of Civil Procedure, Section 382, on behalf of themselves and on behalf of a class

5  consisting of all non-exempt, hourly employees who currently work or previously worked for

6  RADIOSHACK as a Sales Representative in a retail store in California during the CLASS PERIOD

7  ("CLASS" or "Class Members").  RADIOSHACK's uniform policies and practices alleged herein are

8  unfair, deceptive and unlawful practices whereby RADIOSHACK denied and continues to deny monies

9  due PLAINTIFFS and the Class Members for earned wages and  necessary expenditures incurred in

10  direct consequence of the discharge of their job duties for DEFENDANT.  PLAINTIFFS, and the Class

11  Members, seek an injunction enjoining such conduct by RADIOSHACK in the future, relief for the

12  named PLAINTIFFS and all Class Members who have been economically injured by DEFENDANT's

13  past and current unlawful conduct, and all other appropriate legal and equitable relief.

14

15                      **THE PARTIES**

16      3.      Defendant RadioShack Corporation ("RADIOSHACK" or "DEFENDANT") was

17  founded in 1921 and is headquartered in Fort Worth, Texas.  DEFENDANT engages in the retail sale

18  of electronic goods and services throughout the United States and internationally.  At all relevant times

19  mentioned herein, RADIOSHACK conducted and continues to conduct substantial and regular business

20  throughout California, operating retail stores throughout the state, including stores in Orange County.

21      4.      The true names and capacities, whether individual, corporate, subsidiary,

22  partnership, associate or otherwise of DEFENDANT Does 1 through 50, inclusive, are presently

23  unknown to the PLAINTIFFS who therefore sue these defendants by such fictitious names pursuant

24  to Cal. Civ. Proc. Code § 474.  PLAINTIFFS will seek leave to amend this Complaint to allege the true

25  names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFFS are

26  informed and believe , and based upon that information and belief allege, that the defendants named

27  in this Complaint, including Does 1 through 50, inclusive, are responsible in some manner for one or

28

1   more of the events and happenings that proximately caused the injuries and damages hereinafter

2   alleged.

3        5.      The agents, servants, and/or employees of DEFENDANT and each of them acting on

4   behalf of DEFENDANT acted within the course and scope of his, her or its authority as the agent,

5   servant, and/or employee of DEFENDANT, and personally participated in the conduct alleged herein

6   on behalf of DEFENDANT with respect to the conduct alleged herein. Consequently, DEFENDANT

7   is jointly and severally liable to the PLAINTIFFS and the other members of the CLASS, for the loss

8   sustained as a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

9        6.      At all relevant times mentioned herein, Plaintiff Mark Drumheller ("PLAINTIFF")

10   resided in California. PLAINTIFF was employed by RADIOSHACK as a Sales Associate, Assistant

11   Manager and Manager throughout his employment term in California from April 2006 to August 2010.

12   At all relevant times mentioned herein, PLAINTIFF primarily performed the job duty of selling

13   electronic goods and services and maintaining store operations as a Sales Representative who earned

14   sales and store bonuses and who purchased clothes to wear in the store identifying the PLAINTIFF as

15   a RADIOSHACK employee.

16        7.      At all relevant times mentioned herein, Plaintiff Mike Tahbaz ("PLAINTIFF") resided

17   in California. PLAINTIFF was employed by RADIOSHACK as a Senior Store Sales Manager

18   throughout his employment term in California from September 2001 to September 2010. At all relevant

19   times mentioned herein, PLAINTIFF primarily performed the job duty of selling electronic goods and

20   services and maintaining store operations as a Sales Representative who earned sales and store bonuses

21   and who purchased clothes to wear in the store identifying the PLAINTIFF as a RADIOSHACK

22   employee.

23

24                                **THE CONDUCT**

25        8.      RADIOSHACK systematically failed to record and pay the PLAINTIFFS and the

26   Sales Representatives for all earned wages which may include but is not limited to unpaid sales

27   bonuses for selling wireless phones, extended warranties, and RADIOSHACK credit cards, and

28

1  unpaid store bonuses based upon the overall performance of DEFENDANT's retail stores on a

2  quarterly and annual basis.  In addition, RADIOSHACK also engaged in a common course of

3  failing to reimburse the PLAINTIFFS and all the other Sales Representatives for clothing and travel

4  expenses including but not limited to personal vehicle usage and the expense of gas required to

5  travel to and from DEFENDANT's retail store locations for intra-company merchandise transfers.

6  Furthermore, RADIOSHACK effectually required all Sales Representatives to purchase

7  RADIOSHACK's branded merchandise from its employee catalog the wearing of which was

8  necessary to fulfill the employees' job duties.  The catalog clothing was only purchased for wearing

9  at work for DEFENDANT.  As a result, the Sales Representatives patronized DEFENDANT's

10  catalog in the purchase of its company clothing for work purposes only.  Therefore, the Sales

11  Representatives sustained expenses and other losses as a result of RADIOSHACK's uniform policy

12  which requires employees to use its employee catalog to purchase company clothing for work

13  purposes only.

14      9.      In violation of the applicable sections of the California Labor Code and the

15  requirements of the Industrial Welfare Commission ("IWC") Wage Order, RADIOSHACK as a

16  matter of corporate policy, practice and procedure, intentionally, knowingly, and wilfully engaged

17  in a systematic practice whereby DEFENDANT failed to record and pay the PLAINTIFFS and the

18  Class Members for all earned wages which may include but is not limited to unpaid sales and store

19  bonuses.  In addition, RADIOSHACK also engaged in a common course of conduct in violation of

20  California law by failing to reimburse the PLAINTIFFS and the Class Members for clothing and

21  travel expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  These

22  uniform policies and systematic practices of RADIOSHACK were intended to purposefully avoid

23  paying and indemnifying the employees which allows RADIOSHACK to illegally profit and gain

24  an unfair advantage over competitors.  To the extent equitable tolling operates to toll claims by the

25  CLASS against RADIOSHACK, the CLASS PERIOD should be adjusted accordingly.

26      10.      RADIOSHACK instituted a company-wide policy whereby the PLAINTIFFS and

27  the Class Members suffered the loss of earned wages and expenses incurred in the discharge of their

28

CLASS ACTION COMPLAINT
-4-
EXHIBIT A
- 15 -

1    job duties for DEFENDANT's benefit in accordance with DEFENDANT's strict, uniform and

2    corporate guidelines.  These systematic and company-wide policies and practices originating at the

3    corporate level is the cause of the illegal pay practices as described herein.

4

5                                                    **THE CLASS**

6          11.    PLAINTIFFS bring this Action against RadioShack Corporation pursuant to

7    California Code of Civil Procedure, Section 382, on behalf of themselves and on behalf of a class

8    consisting of all non-exempt, hourly employees who currently work or previously worked for

9    RADIOSHACK as a Sales Representative in a retail store in California during the CLASS PERIOD

10   ("CLASS" or "Class Members").   The applicable "CLASS PERIOD" is defined as the period

11   beginning four (4) years prior to the filing of this Complaint and ending on a date as determined by

12   the Court.

13         12.    All non-exempt, hourly employees working for RADIOSHACK as a Sales

14   Representative in a retail store in California during the CLASS PERIOD are similarly situated in that

15   they are all subject to RADIOSHACK's  uniform policies and systematic practices that require them

16   to perform work without compensation as required by law and purchase clothing and incur travel

17   expenses in the performance of their work without ever being reimbursed for these expenses.

18   PLAINTIFFS, and the Class Members, are primarily responsible for selling electronic goods and

19   services and maintaining store operations which includes performance management, store

20   merchandising, inventory management and customer care.  The significant physical demands of

21   managing retail stores involve working nights and weekends, working in a fast paced environment with

22   complex products, and regularly standing for long periods of time.

23         13.    DEFENDANT has the legal burden to establish that each and every hourly employee

24   is compensated for all earned wages and reimbursed for all expenses incurred in the performance of

25   their work.  DEFENDANT, however, as a matter of uniform and systematic policy and practice failed

26   and still fails to have in place during the CLASS PERIOD a policy or practice to correctly pay the

27   employees for all earned wages and for merchandise which was bought from DEFENDANT for

28

DEFENDANT's benefit. Rather than satisfying its burden, DEFENDANT's uniform policy and practice in place at all times during the CLASS PERIOD and currently in place is to systematically not record and pay the PLAINTIFFS and the Class Members for all earned wages that derive from sales and store bonuses nor reimburse the PLAINTIFFS and the Class Members for clothing and travel expenses. These common business practices applicable to each and every Class Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under the California Business & Professions Code, Sections 17200 *et seq.*, as causation, damages, and reliance are not elements of this claim.

14. At no time before, during or after the PLAINTIFFS' employment with DEFENDANT, was the alternative compensation for the unpaid wages and unpaid expenses for any Class Member properly recalculated so as to compensate the employees for all their earned wages and business expenses incurred as required by California law.

15. During the CLASS PERIOD, RADIOSHACK uniformly violated the rights of the PLAINTIFFS and the Class Members under California law, without limitation, in the following manners:

    (a)    Committing an act of unfair competition in violation of the California Labor Code, by failing to record and pay the PLAINTIFFS and the Class Members for all earned wages;

    (b)    Committing an act of unfair competition in violation of the California Labor Code, by failing to reimburse the PLAINTIFFS and the Class Members for expenses incurred in direct consequence of the discharge of their job duties for DEFENDANT's benefit;

    (c)    Violating Cal. Lab. Code Sections 201 and/or 202, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to

the PLAINTIFFS and the Class Members who have terminated their employment. Thus, DEFENDANT is liable for such wages for a period of thirty (30) days following the termination of such employment;

(d) Violating Cal. Lab. Code Section 450, by using their catalog and by their corresponding uniform employment practices;

(e) Violating Cal. Lab. Code Section 2802, by failing to provide the PLAINTIFFS and the Class Members with reimbursement of expenses incurred by these employees in the discharge of their job duties as an employee of DEFENDANT;

(f) Violating the Wage Order and California Code of Regulations Section 11040, subsection 7, by failing to maintain accurate records of expenses provided to the PLAINTIFFS and the Class Members;

(g) Violating Cal. Lab. Code Section 226 and the regulations and orders implementing the Labor Code, by failing to provide PLAINTIFFS and the Class Members with accurate itemized wage statements; and,

(h) Violating Cal. Labor Code Sections 201, 202 and 203 by failing to timely pay PLAINTIFFS and the Class Members whose employment has terminated all wages due at employment termination.

16. DEFENDANT uniformly violated the rights of the CLASS under California law. There are numerous questions of law and fact common to all members of the CLASS. These questions include, but are not limited to, the following:

(a) Whether RADIOSHACK's's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(b) Whether RADIOSHACK has engaged in a common course of failing to record and pay the PLAINTIFFS and the Class Members for all earned wages;

(c) Whether RADIOSHACK has engaged in a common course of failing to reimburse the PLAINTIFFS and the Class Members for expenses incurred in the discharge of their job duties;

(d)      Whether RADIOSHACK has engaged in a common course of failing to provide the PLAINTIFFS and the Class Members with accurate itemized wage statements;

(e)      Whether RADIOSHACK has engaged in a common course of failing to pay the PLAINTIFFS and the Class Members all wages due upon the termination of employment;

(f)      Whether RADIOSHACK has engaged in unfair competition by the above-listed conduct; and,

(g)      Whether RADIOSHACK's conduct was willful.

17.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in California Code of Civil Procedure, Section 382, in that:

(a)      The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)      Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CLASS will apply uniformly to every member of the CLASS;

(c)      The claims of the representative PLAINTIFFS are typical of the claims of each member of the CLASS. PLAINTIFFS, like all Class Members, were not correctly reimbursed for expenses incurred in the discharge of their job duties. PLAINTIFF sustained economic injury as a result of DEFENDANT's unlawful employment practices. PLAINTIFF and the Class Members were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)      The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between

CLASS ACTION COMPLAINT<br>-8-<br>EXHIBIT A<br>- 19 -

the claims of the representative PLAINTIFFS and the Class Members that would make class certification inappropriate. Counsel for the CLASS will vigorously assert the claims of all members of the CLASS.

18.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to California Code of Civil Procedure, Section 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CLASS will create the risk of:

(i)    Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

(ii)   Adjudication with respect to individual members of the CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests;

(b)    The parties opposing the CLASS have acted or refused to act on grounds generally applicable to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole in that DEFENDANT uniformly failed to pay all compensation due for all members of the CLASS by refusing to reimburse the members of the CLASS for necessary expenses;

(i)    With respect to the First Cause of Action, the final relief on behalf of the CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seek declaratory relief holding that DEFENDANT's policy and practices constitute unfair competition, along with injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute

unfair competition;

(c)   Common questions of law and fact exist as to the members of the CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i)    The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class Members when compared to the substantial expense and burden of individual prosecution of this litigation;

(ii)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:  (a) Inconsistent or varying adjudications with respect to individual members of the CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or, (b) Adjudications with respect to individual members of the CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

(iii)  In the context of wage litigation because a substantial number of individual Class Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

(iv)   A Class Action is superior to other available methods for the fair and

1    efficient adjudication of this litigation because class treatment will

2    obviate the need for unduly and unnecessary duplicative litigation that

3    is likely to result in the absence of certification of this Action pursuant

4    to California Code of Civil Procedure, Section 382.

5    19.    This Court should permit this Action to be maintained as a Class Action pursuant to

6    California Code of Civil Procedure, Section 382, because:

7        (a)    The questions of law and fact common to the CLASS predominate over any

8            question affecting only individual members because DEFENDANT's

9            employment practices were uniformly and systematically applied with respect

10           to the entire CLASS;

11       (b)    A Class Action is superior to any other available method for the fair and

12           efficient adjudication of the claims of the members of the CLASS because in the

13           context of employment litigation a substantial number of individual Class

14           Members will avoid asserting their rights individually out of fear of retaliation

15           or adverse impact on their employment;

16       (c)    The Class Members are so numerous that it is impractical to bring all Class

17           Members before the Court;

18       (d)    PLAINTIFFS, and the Class Members, will not be able to obtain effective and

19           economic legal redress unless the action is maintained as a Class Action;

20       (e)    There is a community of interest in obtaining appropriate legal and equitable

21           relief for the acts of unfair competition, statutory violations and other

22           improprieties, and in obtaining adequate compensation for the damages and

23           injuries which DEFENDANT's actions have inflicted upon the CLASS;

24       (f)    There is a community of interest in ensuring that the combined assets of the

25           DEFENDANT are sufficient to adequately compensate the members of the

26           CLASS for the injuries sustained;

27       (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the

28

CLASS ACTION COMPLAINT
-11-

CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)    The Class Members are readily ascertainable from the business records of DEFENDANT and business records of DEFENDANT will identify and establish membership in the CLASS; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CLASS.

20.    RADIOSHACK maintains records from which the Court can ascertain and identify by job title each Class Member who has been systematically, intentionally and uniformly subjected to DEFENDANT's unlawful corporate policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when such job titles have been identified.

### JURISDICTION AND VENUE

21.    This Court has jurisdiction over this Action pursuant to the California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf of similarly situated employees of RadioShack Corporation pursuant to California Code of Civil Procedure, Section 382.

22.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because RadioShack Corporation (i) currently maintains and at all relevant times maintained offices and facilities in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CLASS.

1

<u>**FIRST CAUSE OF ACTION**</u>

2

**For Unlawful Business Practices**

3

**[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

4

**(By PLAINTIFFS and the CLASS and against All Defendants)**

5

23.     PLAINTIFFS, and the Class Members, reallege and incorporate by this reference, as

6

though fully set forth herein, paragraphs 1 through 22 of this Complaint.

7

24.     DEFENDANT is a "persons"as that term is defined under the California Business and

8

Professions Code, Section 17021.

9

25.     The California Business & Professions Code, Section 17200, defines unfair

10

competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200 applies to

11

violations of labor laws in the employment context.

12

26.     Section 17203 of the California Business & Professions Code authorizes injunctive,

13

declaratory, and/or other equitable relief with respect to unfair competition as follows:

14

15

16

17

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

18

Cal. Bus. & Prof. Code § 17203.

19

27.     During the CLASS PERIOD, through the conduct described herein, DEFENDANT

20

engaged and continues to engage in unfair and unlawful practices in violation of the California

21

Business and Profession Code, Sections 17200 *et seq.*, by: (i) failing to record and pay the

22

PLAINTIFFS and the Class Members for all earned wages; (ii) failing to reimburse the PLAINTIFFS

23

and the Class Members for expenses incurred in the discharge of their job duties; and (iii) failing to

24

provide the PLAINTIFFS and the Class Members with accurate itemized wage statements.

25

DEFENDANT's unlawful and deceptive conduct deprived the PLAINTIFFS and the Class Members

26

of fundamental rights and privileges and caused them economic injury as herein alleged.  As herein

27

alleged, DEFENDANT's conduct was unlawful in that, with respect to all the Class Members,

28

1   DEFENDANT uniformly violated California law and regulations, including but not limited to the

2   California Labor Code, Sections 226, 450, and 2802 and the California Code of Regulations, Title 8,

3   Section 11040(7).  Because DEFENDANT fails to record and pay the PLAINTIFFS and the Class

4   Members for all earned wages, and because DEFENDANT fails to reimburse the PLAINTIFFS and

5   the Class Members which DEFENDANT knows to be unlawful, DEFENDANT's pattern of conduct

6   and systematic employment practices violate the California Labor Code.

7        28.   By and through the unfair and unlawful business practices described in this Complaint,

8   DEFENDANT obtained valuable property, money, and services from the PLAINTIFFS, and the Class

9   Members, and has deprived them of valuable rights and benefits guaranteed by law and contract, all

10  to the detriment of the PLAINTIFFS and the Class Members and to the benefit of DEFENDANT so

11  as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

12        29.   All the acts described herein as violations of, among other things, the California Labor

13  Code and Industrial Welfare Commission Wage Order Requirements, are unlawful and in violation of

14  public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby

15  constitute unfair and unlawful business practices in violation of the California Business and Professions

16  Code, Sections 17200 *et seq.*  DEFENDANT's conduct was also deceptive in that DEFENDANT

17  represented to PLAINTIFFS and the Class Members that they were entitled to sales bonuses and store

18  bonuses as well as RADIOSHACK's branded merchandise provided for in DEFENDANT's employee

19  catalog, but were required to purchase this clothing without reimbursement by DEFENDANT.

20        30.   PLAINTIFFS, and the Class Members, are entitled to, and do, seek such relief as may

21  be necessary to restore to them the money and property which DEFENDANT has acquired, or of which

22  PLAINTIFFS, and the members of the CLASS, have been deprived, by means of the above described

23  unfair and unlawful business practices.

24        31.   PLAINTIFFS, and the Class Members, are further entitled to, and do, seek a

25  declaration that the above described business practices are unfair and unlawful and seek injunctive

26  relief to enjoin DEFENDANT from engaging in any of these unfair and unlawful business practices

27  in the future.

28

CLASS ACTION COMPLAINT
-14-

32.     PLAINTIFFS, and the Class Members, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the unfair and unlawful business practices described herein, the PLAINTIFFS and the Class Members have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid expenses to the PLAINTIFFS as well as to the members of the CLASS.

### SECOND CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CLASS and against DEFENDANT)**

33.     PLAINTIFFS, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 32 of this Complaint.

34.     Pursuant to the California Labor Code, Section 226, an employer must furnish employees with an "accurate itemized statement in writing" showing all of the following items:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Cal. Lab. Code § 226.

35.     At all times relevant herein, DEFENDANT violated Section 226 of the California Labor Code with respect to the PLAINTIFFS and the Class Members, without limitation, in that DEFENDANT inaccurately or completely failed to record and report all monies due on their pay stubs.

36.     This failure by DEFENDANT was the result of DEFENDANT's intentional refusal to record and pay the PLAINTIFFS and the Class Members for all earned wages and to reimburse the PLAINTIFFS and the Class Members for necessary expenses incurred in the discharge of their job duties for DEFENDANT's benefit.

37.     DEFENDANT knowingly and intentionally failed to comply with California Labor Code Section 226, causing damages to the PLAINTIFFS, and the Class Members. These damages include, but are not limited to, the costs expended calculating the true amount of compensation due PLAINTIFFS and the Class Members and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages may be difficult to estimate. Therefore, the PLAINTIFFS, and the Class Members, may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to California Labor Code Section 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFFS and each respective member of the CLASS herein), plus costs, pursuant to California Labor Code Section 226(g).

### THIRD CAUSE OF ACTION

#### For Failure to Pay Wages When Due

#### [Cal. Lab. Code § 203]

#### (By PLAINTIFFS and the CLASS and against DEFENDANT)

38.     PLAINTIFFS, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39.     Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

40.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

41.   Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

42.   PLAINTIFFS and other members of the Class have terminated their employment and DEFENDANT has not tendered payment of wages owed as alleged herein above.

43.   Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the Class whose employment terminated, PLAINTIFFS demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the last three years preceding the filing of this complaint.

## FOURTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Necessary Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CLASS and against DEFENDANT)

44.   PLAINTIFFS, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

45.   Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

46.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse the PLAINTIFFS, and all the Class Members for all expenditures or losses incurred in direct consequence of the discharge of their job duties.  In particular, DEFENDANT failed to provide the PLAINTIFFS and the Class Members with company embroidered shirts so as to identify them to the customers as RADIOSHACK employees sufficient for the amount of hours and/or days they worked as part of their job.  Instead, DEFENDANT provided the PLAINTIFF and the Class Members with a company catalog of clothing to purchase and wear akin to a company uniform.  RADIOSHACK by providing the PLAINTIFFS and the Class Members with a catalog from which to purchase company clothing expected these employees to wear RADIOSHACK logo shirts in order to effectively perform and execute their job duties.  DEFENDANT also failed to reimburse the employees for travel expenses which may include but is not limited to personal vehicle usage and the expense of gas required to travel to and from DEFENDANT's retail store locations for intra-company product transfers.  DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenditures incurred by the PLAINTIFFS and the Class Members, DEFENDANT failed to indemnify and reimburse the PLAINTIFFS and the Class Members for these expenses as an employer is required to do under the laws and regulations of California.

47.     Thus, the PLAINTIFFS and the Class Members were forced by the expectation of DEFENDANT and DEFENDANT's unwritten policy to contribute to the expenses of DEFENDANT's business, which expenses must be refunded by DEFENDANT to each member of the CLASS.

48.     Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys' fees to collect reimbursement.

49.     PLAINTIFFS, therefore, demand reimbursement for expenditures or losses incurred by him and the Class Members in direct consequence of the discharge of their duties, or their obedience to the directions of DEFENDANT with interest at the statutory rate and costs under Cal.

Labor Code § 2802.

## PRAYER

WHEREFOR, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CLASS:

    A)   That the Court certify action asserted by the CLASS as a Class Action pursuant to California Code of Civil Procedure, Section 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all sums unlawfully withheld from the PLAINTIFFS and the other members of the CLASS;

    D)   Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to the PLAINTIFFS and to the Class Members;

    E)   Penalties payable to PLAINTIFFS and all other terminated employees in the CLASS in accordance with Cal. Lab. Code § 203; and,

    F)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226.

2.    On all claims:

    A)   An award of interest, including prejudgment interest at the legal rate;

    B)   An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that

1      would result in a request for attorneys' fees under Cal. Lab. Code § 218.5; and,

2    C)    Such other and further relief as the Court deems just and equitable.

3

4    Dated: January 20, 2011            BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                          By: _____
                               Norman B. Blumenthal
                               Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated: January 20, 2011                 BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                            By: _____

7                                                Norman B. Blumenthal
                                                 Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
RADIOSHACK CORPORATION; and Does 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MARK DRUMHELLER and MIKE TAHBAZ: individually; and on behalf of all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**01/21/2011** at 10:48:25 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Complex
751 West Santa Ana Blvd, Santa Ana, CA 92702

**CASE I** (Número): 30-2011-00442763-CU-OE-CXC

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Norman B Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037

Fax No : (858) 551-1232
Phone No : (858) 551-1223

DATE: 01/21/2011    ALAN CARLSON, Clerk of the Court    by _____ , Deputy
(Fecha)    (Secretario)    (Adjunto)

Maarit H Nordman

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons. (POS-010))

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒☒ on behalf of (specify):   RADIOSHACK CORPORATION
under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date): 2\1\11

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

EXHIBIT B
- 33 -

EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>┌ Norman B. Blumenthal   (Bar # 68687)<br>Kyle R. Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1223          FAX NO: (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiffs Mark Drumheller and Mike Tahbaz | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 751 West Santa Ana Blvd<br>MAILING ADDRESS: P.O. Box 22028<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME: Complex | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**01/21/2011** at 10:48:25 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman,Deputy Clerk |

| CASE NAME:<br>    DRUMHELLER v. RADIOSHACK | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>30-2011-00442763-CU-OE-CXC |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT:   Judge Ronald L. Bauer |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence          f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is   [ ] is not   a class action suit
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 20, 2011

Norman B. Blumenthal
_____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

EXHIBIT C

- 34 -

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

MARK DRUMHELLER and MIKE TAHBAZ;
individually, and on behalf of all persons
similarly situated

**DEFENDANTS**

RADIOSHACK CORPORATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Blumenthal, Nordrehaug & Bhownik
2255 Calle Clara
La Jolla, CA 92037
Telephone:(858) 551-1223

Attorneys (If Known)

James S. McNeill
McKenna Long & Aldridge LLP
4435 Eastgate Mall
Suite 400
San Diego, CA 92121
Telephone: (619) 595-5400

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No        ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1332(d)(2), 1441, 1446

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:   Case Number:   SACV11-00355 CJC (RNBx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date March 3, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |